UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY E. LERILLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3621** |
| **MONSANTO CORPORATION, ET AL.** | **SECTION: I/1** |

ORDER AND REASONS

Before the Court are motions to remand and for Rule 11 sanctions, filed on behalf of plaintiff, Betty E. Lerille. For the following reasons, plaintiff's motion to remand is **GRANTED** and her motion for sanctions is **DENIED.**

*BACKGROUND*

On April 4, 2006, plaintiffs Betty E. Lerille ("Mrs. Lerille") and her husband, Norman Lerille ("Mr. Lerille") filed a petition for damages in Civil District Court for the Parish of Orleans, CDC Case No. 2006-2872, based on Mrs. Lerille's alleged exposure to asbestos from the clothing and person of Mr. Lerille while he was employed for certain named defendants.[1]  In the lawsuit, Mrs. Lerille seeks damages relating to her contraction of malignant mesothelioma and Mr. Lerille seeks damages for loss of consortium.[2]  Peter Territo is a named defendant in the lawsuit and

---

[1] Rec. Doc. No. 25-2.

[2] Rec. Doc. No. 25-2, pp. 5, 12.

was served with the petition on April 20, 2006.[3]

Subsequently, on January 23, 2007, Mr. Lerille filed a separate lawsuit in Civil District Court, CDC Case No. 2007-733, based on his own diagnosis of asbestosis allegedly due to exposure to asbestos during his employment with certain named defendants and during home repairs. Mrs. Lerille is also a named plaintiff in this second lawsuit, seeking damages for loss of consortium. Mr. Lerille's lawsuit also names Territo as a defendant.[4]

Pursuant to the local rules of Orleans Parish Civil District Court, plaintiffs notified the state court that the two lawsuits were related and moved for consolidation.[5] On March 30, 2007, the state court granted plaintiffs' motion and ordered the two lawsuits consolidated.[6] On June 6, 2007, after the consolidation of the cases, defendant Territo was served with plaintiff's first supplemental and amending petition, which was filed under the consolidated case heading of both cases.[7] This was the first time

---

[3] Rec. Doc. No. 25-3.

[4] Rec. Doc. No. 25-4. The Court refers in this Order to the earlier lawsuit, CDC Case No. 2006-2872, as Mrs. Lerille's lawsuit, since she is the primary plaintiff in that lawsuit. Likewise, the Court refers to the second lawsuit, CDC Case No. 2007-733, as Mr. Lerille's lawsuit since he is the primary plaintiff in that lawsuit.

[5] Rec. Doc. No. 9, pp. 3-5.

[6] Rec. Doc. No. 9-7.

[7] Rec. Doc. No. 25-9.

that Territo was served with a complaint in Mr. Lerille's case.[8] On July 5, 2007, Territo filed a notice of removal in this Court, removing CDC Case No. "2007-733, consolidated with number 2006-2872" and asserting jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1442.

On July 17, 2007, Mrs. Lerille filed the present expedited motions to remand and for sanctions, asserting that removal of her lawsuit, CDC Case No. 2006-2872, was untimely pursuant to 28 U.S.C. § 1446(b).

### *LAW AND ANALYSIS*

**I. Standard of Law**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.

---

[8] Rec. Doc. No. 21, p. 3. Territo was not served with the original petition in Mr. Lerille's case until July 12, 2007. Rec. Doc. No. 25-5.

Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

The time for filing a notice of removal is governed by 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

"In essence, when read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). The first paragraph of § 1446(b) applies to cases that are removable as initially filed; the second paragraph applies to cases

which, although not initially removable, become removable at a later time. *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); *Chapman*, 969 F.2d at 161.

**II. Untimely Removal**

As plaintiff states, the 30 day period for Territo to file a notice a removal based on service of Mrs. Lerille's petition has long since passed. The question before the Court is whether Mrs. Lerille's initial lawsuit nonetheless has been timely removed by defendant based on its consolidation in state court with Mr. Lerille's subsequently filed lawsuit.[9]

There is a dearth of federal caselaw on the effect of state court consolidations in this context. Still, federal courts considering the issue have found that state-ordered consolidation may affect jurisdiction and removability. *See In re MTBE Products Liability Litigation*, 399 F. Supp. 2d 340, 353 (S.D.N.Y. 2005). Federal courts look to state substantive law to determine the precise effect of the state court consolidation, namely whether "the state consolidation destroyed the identity of each suit and merged them into one," thereby enabling the 30-day period under Section 1446(b) to be determined based on service of the consolidated lawsuit. *Id.*

Under Louisiana law, "Consolidation of actions ... is a

---

[9]Plaintiffs do not dispute that Mr. Lerille's lawsuit was timely removed and his lawsuit is not the subject of the present motion to remand.

procedural convenience designed to avoid multiplicity of actions and does not cause a case to lose its status as a procedural entity." *Howard v. Hercules-Gallion Co.*, 417 So.2d 508, 511 (La. Ct. App. 1st Cir. 1982) (citing *Reed v. Pittman*, 242 So. 2d 554 (La. 1970)). Consolidation does not merge the actions unless the records clearly reflect an intention to do so. *Voth v. American Home Assur. Co.*, 219 So. 2d 236, 240 (La. Ct. App. 1969).

As stated, on March 30, 2007, the state court granted plaintiffs' motion to transfer and consolidate the two Lerille lawsuits. Citing Local Rule 9.3 and Appendix 3 of the Rules of Louisiana District Courts, the state court ordered Mr. Lerille's lawsuit "consolidated with the matter captioned *Betty Lerille et al. v. Monsanto Corporation, et al.*, Case No. 2006-2872, currently pending in Division "G."[10] The state court order contains no instructions indicating that merger of the actions was intended, and defendants have identified no such indication elsewhere in the record. Likewise, the cited local rule also reflects that consolidation serves the purpose of procedural convenience, not outright merger of the actions.[11]

---

[10] Rec. Doc. No. 9-7.

[11] The rule states, "To facilitate the fair and expeditious resolution of cases, it is the policy of the court to transfer to the lower numbered suit and consolidate for trial those cases in which such consolidation is appropriate." Local Rule 9.3 and Appendix 3, Rules of Louisiana District Courts, Civil District Court, Parish of Orleans. Among the cases that the local rule states should be consolidated are cases "involving multiple claimants arising from a common casualty." *Id.*

Therefore, under Louisiana law, the consolidated state court cases did not merge into one action and remain two separate lawsuits. Since the two lawsuits are separate, defendant may not use supplemental jurisdiction to remove Mrs. Lerille's lawsuit based on its timely removal of Mr. Lerille's lawsuit. *See Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997) ("The phrases "in any civil action" and "in the action" [in supplemental jurisdiction statute] require that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case."); *Mendez v. Roman*, No. 05-1257, 2006 WL 276976, at *2 & n.1 (D. Conn. Feb. 2, 2006) ("Supplemental jurisdiction may be exercised only over claims and parties that have been joined in a single civil action," not over state court cases that "retained their separate identities after consolidation.").

Nor can defendant assert federal question jurisdiction over Mrs. Lerille's lawsuit while applying to it the 30 day time period applicable to Mr. Lerille's lawsuit. Pursuant to Section 1446(b), defendant had his opportunity to remove Mrs. Lerille's lawsuit within 30 days of April 20, 2006, when he was served with that lawsuit. He failed to do so. Allowing defendant to circumvent the deadline would undermine the purpose of the 30-day rule: "to deprive the defendant of the undeserved tactical advantage that it would have if it could wait and see how it was faring in state court before deciding whether to remove ...; and to prevent the

delay and waste of resources involved in starting a case over in a second court after significant proceedings ... in the first court." *In re MTBE Products Liability Litigation*, 399 F. Supp. 2d at 347 (citations omitted).

Defendant's removal of Mrs. Lerille's lawsuit was procedurally defective because it was effected more than 30 days after service upon Territo.  *See* 28 U.S.C. § 1446(b); *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988).  Plaintiff then had thirty days from defendant's late-filing of the notice of removal to file a motion to remand the case based on the defect.  *See* 28 U.S.C. § 1447(c). As defendant's notice of removal was filed on July 5, 2007, and plaintiff's motion to remand was filed on July 17, 2007, plaintiff's motion to remand is timely.  Her lawsuit, CDC Case No. 2006-2872, must be severed and remanded as it was removed in violation of Section 1446(b).

### III.  Request for Sanctions and Attorneys' Fees

By separate motion, plaintiff also claims that sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure are warranted because defendant's attorneys should have known that their removal of her lawsuit was not grounded in fact nor warranted by existing law.[12]

A motion for sanctions under Rule 11 "shall be made separately from other motions or requests."  Fed. R. Civ. P. 11(c)(1)(A).  "It

---

[12]Rec. Doc. No. 11, pp. 4-5.

shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged . . . claim . . . is not withdrawn or appropriately corrected." *Id.* Plaintiff's request for sanctions was set out in a separate motion. However, plaintiff has not complied with the "safe harbor" provision of the rule by serving her request for sanctions 21 days before filing with the Court.[13] "The 'safe harbor' provision added to Rule 11 contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention. The plain language of the rule indicates that this notice and opportunity prior to filling is mandatory." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). Therefore, plaintiff's motion for sanctions will be denied.

Insofar as plaintiff is requesting that the Court impose sanctions on its own initiative as envisioned by Rule 11(c)(1)(B), that request is also denied. The Fifth Circuit has held that "in order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'" July 27, 2007 *Id.* at 217 (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)). Given the dearth of caselaw on the issue of state court consolidation, plaintiff has

---

[13]While plaintiff's motion reflects an ongoing dialogue among counsel regarding the propriety of removal, there is no indication that the motion for sanctions was served pursuant to the "safe harbor" provision.

shown no convincing evidence of defendant's bad faith; therefore, the Court declines to exercise its power to assess sanctions.

Finally, in her motions for sanctions and to remand, plaintiff requests attorneys' fees and costs for defendant's improper removal. The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, ---U.S. ----, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant plaintiff's request for attorneys' fees and costs.

Accordingly,

**IT IS ORDERED** that the motion[14] to remand filed on behalf of plaintiff, Betty E. Lerille, is **GRANTED** and that her lawsuit, CDC Case No. 2006-2872 in its entirety, is **SEVERED** and **REMANDED** to Civil District Court for the Parish of Orleans pursuant to 28 U.S.C. §1447(c). The Court retains jurisdiction over the lawsuit of Normal Lerille, CDC Case No. 2007-733.

---

[14] Rec. Doc. No. 9.

**IT IS FURTHER ORDERED** that plaintiff's motion[15] for sanctions is **DENIED**.

New Orleans, Louisiana, August __6th__, 2007.

```
                         _____
                              LANCE M. AFRICK
                         UNITED STATES DISTRICT JUDGE
```

---

[15]Rec. Doc. No. 11.